IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DEONNA M. MAUZY,

       Plaintiff,

v.                                                                      Civil Action No. 2:08-CV-75

MICHAEL ASTRUE,
Commissioner of Social Security,

       Defendant.

## ORDER THAT PLAINTIFF'S APPLICATION FOR AWARD OF ATTORNEY'S FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT BE GRANTED

### I. Introduction

A.    Background

Plaintiff, Deonna M. Mauzy, (Claimant), filed her application for award of attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), on May 3, 2010.[1] Commissioner filed his response in opposition on May 14, 2010.[2] Claimant filed her reply to the Commissioner's response in opposition on May 26, 2010.[3] A hearing was held before this Court on June 3, 2010.[4]

B.    The Motion

Claimant's application for award of attorney's fees under the Equal Access to Justice

---

[1] Docket No. 25.

[2] Docket No. 28.

[3] Docket No. 30.

[4] Docket No. 31.

1

Act.

C.     Order

Claimant's application for award of attorney's fees under the Equal Access to Justice Act is **GRANTED**.  The Commissioner had no basis in law, and was thus not substantially justified, in relying on the ALJ's decision that Claimant had the mental functional capacity to perform simple or repetitive work and in his position that the ALJ properly explained his reason for affording very little weight to the psychiatrist's opinion.

## II.  Facts

Claimant filed her complaint on July 2, 2008, seeking judicial review pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) of an adverse decision by Defendant, Commissioner of Social Security, (Commissioner).[5]  Commissioner filed his answer on December 16, 2008.[6]  Claimant filed her motion for summary judgment on January 15, 2009.[7]  Commissioner filed his motion for summary judgment on February 11, 2009.[8]  Claimant filed her response to Commissioner's motion for summary judgment on February 25, 2009.[9]  This Court entered a Report and Recommendation on June 12, 2009, recommending that Claimant's Motion for Summary Judgment be denied because substantial evidence existed to support the ALJ's decision.[10]

---

[5] Docket No. 1.

[6] Docket No. 10.

[7] Docket No. 13.

[8] Docket No. 17.

[9] Docket No. 19.

[10] Docket No. 20.

Specifically, this Court found that the ALJ's handling of the psychological evidence was not cause for remand, the ALJ considered all of Claimant's severe impairments, the ALJ included all of Claimant's limitations in the RFC, and the ALJ did not improperly reject the treating psychiatrist's opinion.[11] On March 30, 2010, the Honorable John Preston Bailey, United States Chief District Judge, entered an Order accepting in part and rejecting in part the report and recommendation.[12]

### III. Claimant's Application for Award of Attorney's Fees

A.  <u>Contentions of the Parties</u>

Claimant contends that the Court should award attorney fees because the Court found that the Commissioner committed numerous errors of law. Therefore, the Commissioner's position could not have been substantially justified.

Commissioner contends that his position was substantially justified because the ALJ was reasonable in his findings on each issue raised by Claimant in her Motion for Summary Judgment.

B.  <u>Discussion</u>

In order to be eligible for fees under EAJA, the following four requirements must be met: (1) the claimant was the prevailing party; (2) the Government's position was not substantially justified; (3) no special circumstances make the award unjust; and (4) the claimant timely filed a petition supported by an itemized statement. <u>Crawford v. Sullivan</u>, 935 F.2d 655, 656 (4th Cir. 1991).

---

[11] Docket No. 20.

[12] Docket No. 23.

1. Prevailing Party

Claimant is a prevailing party because by the Court issued an Order granting in part and denying in part this Court's Report and Recommendation that Claimant's Motion for Summary Judgment be dismissed and remanding the claim for additional proceedings. Claimant succeeded on a significant issue in the litigation which achieved some of the benefit she sought in bringing the suit. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).

2. Timely Filing

The district court entered its order granting in part and denying in part the Undersigned's Report and Recommendation on March 30, 2010. The Order advised that an application for attorney's fees under EAJA must be filed within 90 days from the date of the order. Claimant therefore had until June 28, 2010, to submit an application. Claimant filed his application for attorneys' fees on May 3, 2010, along with an itemized statement detailing counsel's work. Claimant's application for attorney's fees was filed within the time frame set out in the Court's order of March 30, 2010. The motion was timely filed.

3. Special Circumstances

Neither party argues, and the Court does not believe, that there are any special circumstances present that would make an award of fees unjust.

4. Substantial Justification

A party who prevails in litigation against the United States is entitled to attorney's fees under EAJA if the Government's position was not "substantially justified." Id. at 656. The Government bears the burden of proving "substantial justification." Lively v. Bowen, 858 F.2d 177, 180 (4th Cir. 1988). In order to be substantially justified, Commissioner must rely on an

arguably defensible administrative record.  Crawford, 935 F.2d at 658.  The Government can defeat a claim for attorney fees by showing that its position had a reasonable basis in both fact and law.  Id. at 656 (citing Pierce v. Underwood, 487 U.S. 552, 565 (1988)).

The issue in the present case is whether Commissioner's position in support of the ALJ's opposing the awarding of benefits was substantially justified.  Claimant argues that the Commissioner was not substantially justified in defending the ALJ's decision because it was based on errors of law.  Commissioner maintains that he was substantially justified in defending the case because his findings on each issue raised by Claimant were reasonable.

Claimant's first argument on review was that remand was necessary because either the ALJ or the Appeals Council failed to properly consider post date-last-insured evidence from Dr. Stein, a treating psychologist.  This Court framed the issue as whether it was error for the Appeals Council to refuse to consider the new evidence submitted to it by counsel for Claimant and found that the Appeals Council did consider the evidence because it determined that the documents were irrelevant to the period at issue.  The Court disagreed with the undersigned and ultimately agreed with Claimant that the Appeals Council failed to consider at least part of Dr. Stein's reports.

Though the Court ultimately agreed with Claimant, this Court must find that the Commissioner's position was substantially justified for two reasons.  First, the Court found that the Appeals Council "mishandled" the evidence and remand was necessary "for distinguishing between the actual new evidence sought to be submitted by the plaintiff and that evidence which was already part of the record . . . ."[13]  Therefore, the Court did not fully agree with the Claimant

---

[13] Docket No. 23, P. 20.

5

but instructed the Commissioner on remand to determine what evidence was new and what evidence was already part of the record. Second, the ALJ did review and include the evidence from Dr. Stein. It is the duty of the Court to review the final decision. 42 U.S.C. § 405(g) (West 2010). The decision of the ALJ is the final decision when the Appeals Council denies a claimant's request for review. 20 C.F.R. § 404.981 (West 2010). In this case, the Appeals Council denied the Claimant's request for review on May 8, 2008; therefore, the decision of the ALJ became the final decision, and it was the ALJ's decision that was appealed by Claimant. As admitted by the Claimant,[14] the ALJ did consider the evidence; therefore, the Commissioner was reasonably justified relying on the ALJ's opinion and arguing that remand was not necessary.

Claimant's second argument was that the ALJ erred because he failed to identify all of Claimant's severe impairments. In her Motion for Summary Judgment, Claimant argued that the ALJ erred by finding that she suffered from only one severe impairment. The Commissioner contended that the ALJ did not err because the ALJ did not render a determination at step two, but instead properly considered all of Claimant's various affective disorders in determining Claimant's RFC at step four. Commissioner argues his position is *per se* reasonable because the Court ultimately agreed with the Commissioner.

That a court originally found for the Government is not determinative of substantial justification. Pierce v. Underwood, 487 U.S. 552, 569 (1988). Therefore, that the undersigned and District Court ultimately sided with the Commissioner is not determinative. Nevertheless,

---

[14] Docket No. 14, P. 6-7. "The ALJ later warmly accepted Dr. Stein's opinion and devoted over a page of discussion to his evaluation alone. . . . It is apparent that the ALJ felt his evaluation was highly probative evidence and apparent he relied heavily on this report as support for his credibility finding and for the overall decision."

the Court finds that the Commissioner was substantially justified in his argument that the ALJ did not err because the ALJ had a reasonable basis in both law and fact. As stated in the District Court's opinion, at step two of the sequential analysis, the ALJ is only required to determine whether the claimant suffers from a severe impairment.[15] Claimant admits that the ALJ, at step two, identified Claimant has having a severe impairment - bipolar disorder. Therefore, the Commissioner was substantially justified in his position.

Claimant's third argument was that the ALJ erred by failing to include all of her mental limitations when assessing her RFC. As a threshold issue, Claimant argued it was unclear why the ALJ found she had the ability to do simple repetitive work, which is a physical restriction, when her claim was based on mental limitations. Claimant next argued that because the ALJ found that she had a severe mental impairment, the ALJ was required to identify Claimant's mental limitations and restrictions and then assess her work-related abilities guided by the factors set forth in SSR 96-8p. The Commissioner argued that the ALJ adequately accounted for Claimant's mental functioning limitations and the ALJ's mental RFC finding was supported by substantial evidence. The Commissioner argues that he is substantially justified arguing this position because several other courts, including the Fourth Circuit, have affirmed decisions wherein the mental functional limitation was for simple and/or repetitive work.

Though at first blush it would appear that Commissioner is substantially justified in his position because the undersigned and the District Court reached different conclusions regarding the ALJ's alleged failure to include all mental limitations, the Court must agree with Claimant and find that the Commissioner was not substantially justified in his position. At the outset of

---

[15] Docket No. 23, P. 8.

Claimant's RFC, the ALJ found that Claimant "had the residual functional capacity to perform the full range of light work." (Tr. 25). At the conclusion of his discussion of Claimant's RFC, the ALJ stated, "I have considered the claimant's mental limitations and find she can do simple, repetitive work." (Tr. 29). The District Court found that the ALJ erred because he did not follow the directives of SSR 96-8p and provide specific work-related functions in his RFC. As more fully explained in the District Court's opinion, SSR 96-8p contains "an express prohibition against initially expressing the RFC at step four of the sequential evaluation process in terms of exertional categories."[16] After reviewing the entire record, the Court found that the ALJ committed an error of law:

> the ALJ engaged in the exact conduct that is expressly prohibited by SSR 96-8p. While the ALJ does discuss the plaintiff's various mental impairments in the RFC section of his decision, at no time does he make a function-by-function assessment of her limitations or restrictions based on those mental impairments, as is clearly required by SSR 96-8p. The ALJ did not separately consider limits on the plaintiff's ability to understand, carry out, and remember instructions; use judgment in making work-related decisions; respond appropriately to supervision, co-workers and work situations; and deal with changes in a routine work setting.[17]

Nevertheless, the Commissioner argues he was substantially justified in supporting the ALJ's position because several other courts, including the Fourth Circuit, have affirmed decisions wherein the mental functional limitation was for simple and/or repetitive work. To support this contention, the Commissioner relies on opinions from the Eighth, Ninth, and Fourth Circuits. Though the Commissioner is correct in his assertion that other courts have affirmed decisions wherein the mental functional limitation was for simple and/or repetitive work, none of

---

[16] Docket No. 23, P. 13.

[17] Docket. No. 23, P. 14.

8

the cases cited by the Commissioner affirm the decision where the ALJ erred in assessing and determining the claimant's RFC.[18] The ALJ erred in his application of the law in assessing Claimant's RFC. Accordingly, the Commissioner had no basis in law to rely upon the ALJ's decision, and the Commissioner was not substantially justified in doing so.

Claimant's fourth argument was that the ALJ improperly rejected the opinion of Claimant's treating psychiatrist. Claimant's argument was based on three theories: 1) the ALJ relied on the fact that the psychiatrist's opinion addressed issues reserved to the Commissioner; 2) ALJ relied on the fact that there was no evidence Claimant had been diagnosed with bipolar disorder prior to the date last insured; and 3) the ALJ found the psychiatrist's opinion conflicted with his own records and other substantial evidence but failed to identify with which records and other evidence the opinion conflicted. The Commissioner argued that the ALJ did not err in rejecting the psychiatrist's opinion because the ALJ does not need to consider a treating

---

[18] The Eighth Circuit affirmed the District Court's affirmance of the ALJ's decision in favor of the claimant and found that "describing [the claimant] as capable of doing simple work adequately accounts for the finding of borderline intellectual functioning." Howard v. Massanari, 255 F.3d 577, 582 (8th Cir. 2001). However, this finding was in the context of an ALJ's hypothetical question posed to the vocational expert. This finding was not in the context of an error of law as found in the case at bar. Relying on Howard, the Ninth Circuit affirmed the denial of social security benefits to a claimant finding that the ALJ's RFC finding, which translated the claimant's condition into "simple tasks," captured the mental limitations identified by the claimant's treating physicians. Stubbs-Danielson v. Astrue, 539 F.3d 1169, 1173 (9th Cir. 2008). Again, the Government's reliance is misplaced. Here, the Ninth Circuit was not deciding whether the ALJ properly formed the RFC in accordance with the mandates of SSR 96-8p. Rather, the Ninth Circuit simply examined whether the actual RFC finding was correct. Finally, the Commissioner relies on Honeycutt v. Shalala, 46 F.3d 1124 (4th Cir. 1995) (unpublished). Again, the Commissioner's reliance is misplaced. In Honeycutt, it was the claimant's treating clinical psychologist, Shelle Dietrich, who found that "Honeycutt was able to sustain attention to simple, repetitive tasks and was able to comprehend simple and somewhat more complex instructions." Honeycutt, 46 F.3d at 1. There is no mention in the opinion of the RFC analysis the ALJ undertook.

9

physician's opinion on an ultimate issue and ALJ fully explained why he did not credit the psychiatrist's opinion. The District Court overturned the undersigned's determination that the ALJ did not err in his rejection of Claimant's treating psychiatrist because the ALJ did not adequately explain his reason for according very little weight to the psychiatrist's opinion.[19]

Though at first blush it would appear that Commissioner is substantially justified in his position because the undersigned and the District Court reached different conclusions regarding the ALJ's rejection of Claimant's treating psychiatrist, the Court must agree with Claimant and find that the Commissioner was not substantially justified in his position that the ALJ properly explained his reason for affording very little weight to the psychiatrist's opinion. As more fully explained in the District Court's opinion, SSR 96-2p mandates that the adjudicator must give an explanation containing "specific reasons for the weight given to the treating source's medical opinion . . . and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight."[20] In his opinion, the ALJ accorded "very little weight" to Claimant's treating psychiatrist, Dr. Raines. (Tr. 29). By law, the ALJ was required to indicate specific reasons for the weight accorded. Contrary to his legal obligations, the ALJ only stated "that Dr. Raines' opinion is not supported by his medical reports, which indicate mild to moderate symptoms, and seems grossly disproportionate to the actual evaluation. Therefore, I accord it very little weight." (Id.). The Commissioner argued that he was substantially justified relying on the ALJ's determination because "the ALJ fully explained why Dr. Raines's opinions of disability

---

[19] Docket No. 23, P. 28.

[20] Docket No. 23, P. 27.

10

were not credited."[21] However, a review of the ALJ's decision indicates that the ALJ did not actually fully explain why Dr. Raines's opinions were discredited. The Commissioner enumerates the findings of Dr. Raines, which may, albeit, contradict his opinion; however, the ALJ only sets forth these findings when explaining Dr. Raines's medical reports. The ALJ does not compare these findings with Dr. Raines's ultimate opinion to discredit the opinion, nor does the ALJ use these findings in conjunction with the findings of other psychiatrists to discredit Dr. Raines's opinion. Simply, the ALJ did not follow the law requiring that he sufficiently explain the reasoning for according weight to a treating physician. Therefore, the Commissioner did not have a basis in law to rely on the ALJ's determinations.

Finally, the Commissioner urges that this Court employ a totality of the circumstances review to determine whether its position was substantially justified. Roanoke River Basin Ass'n v. Hudson, 991 F.2d 132, 139 (4th Cir. 1993). The totality of circumstances approach requires the Court to examine the Government's prelitigation conduct and litigation position and prohibits discrete findings as to each temporally distinct elements. Jackson v. Chater, 94 F.3d 274, 278 (7th Cir. 1996). As noted in the cases the Commissioner cites to support his argument, the conduct and position to be reviewed centers around the positions taken in light of the evidence. Id. at 279-80 (stating that "[h]owever, being incorrect on one point does not translate into lacking substantial justification for one's litigation position during the entirety of a civil action. There was other evidence in the record that supported [the vocational expert's] assessment of the marketplace, and the government was no less entitled than the ALJ to choose between *permissible, though conflicting, views of the available evidence*) (emphasis added); see also,

---

[21] Docket No. 28, P. 7.

11

Greyer v. Sullivan, 1992 WL 373028, *2 (N.D. Ill. 1992). Though the Court appreciates the potential abuse of the EAJA statute awarding fees in this case would not be unjust because here the ALJ did not choose between conflicting views of evidence; rather, the ALJ violated the laws and regulations in determining whether Claimant was disabled.

The Commissioner's position was not justified in both fact and law, and was therefore not substantially justified.

Accordingly, relief should be granted.

### IV. Reduction of Number of Hours Requested by Counsel

Claimant requests compensation at the rate of $170.64 in 2008, $170.40 in 2009, and $172.07 in 2010 for 22.9 hours of attorney work. In total, Claimant requests $3,905.08 under EAJA. Commissioner argues that should this Court find his position not substantially justified then the number of hours should be reduced by 3.9 hours because four of the tasks billed by Claimant's counsel were either inappropriate, unreasonable, or excessive. Specifically the Commissioner argues entries from June 5, 2008, through June 30, 2008, are for pre-compliant matters and not covered by EAJA; entries for July 11, 2008, July 21, 2008, and October 2, 2008, seek attorneys fees for work done on Claimant's forma pauperis petition, which was not successful and thus not covered by EAJA; the October 13, 2008 entry seeks attorney fees for the clerical task of submitting a filing fee after Claimant's unsuccessful in forma pauperis petition, which does not warrant attorney billing; and entries for February 20 and 25, 2008, seek reimbursement for drafting a reply brief, which repeated the same arguments in the original brief.

In social security cases, the Court has "broad discretion to determine the amount of time

reasonably expended." Hogan v. Astrue, 539 F.Supp. 2d 680, 682 (W.D.N.Y. 2008). "The Court is not required to 'scrutinize each action taken or the time spent on it' when determining what is reasonable." Id. at 683 (quoting Aston v. Secretary of Health and Human Serv., 808 F.2d 9, 11 (2d Cir. 1986)). "Instead, the Court has discretion simply to apply a reasonable percentage reduction 'as a practical means of trimming fat from a fee application.'" Id. (citing Kirsch v. Fleet Street, Ltd., 148 F.3d 149, 173 (2d Cir. 1998)).

Without ruling on each specific argument raised by the Commissioner, the Court agrees that a modest reduction is appropriate here. The ordinary application for EAJA fees in social security cases are commonly for fees at approximately $2,500. Certainly, where the facts of a specific case warrant it, the Court will award fees in excess of $2,500. However, considering the size of the transcript, the simple case history, and the substantive issues, this case does not warrant fees in excess of the ordinary fees of $2,500.00. Accordingly, the EAJA fees are reduced to $2,500.

### IV. Order

Based on the foregoing, Claimant's application for award of attorney's fees under the Equal Access to Justice Act is **GRANTED**. The Commissioner had no basis in law to rely upon the ALJ's decision that Claimant had the mental functional capacity to perform simple or repetitive work. Additionally, the Commissioner was not substantially justified in his position that the ALJ properly explained his reason for affording very little weight to the psychiatrist's opinion.

Claimant's request for a fee of $3,905.08 is unreasonable. It is ordered that Commissioner pay Claimant Two Thousand Five Hundred Dollars (**$2,500.00**) in EAJA fees and

13

expenses.

Any party who appears pro se and any counsel of record, as applicable, may, within fourteen (14) days after this Order is entered, file with the Clerk of the Court written objections identifying the portions of the Order to which objection is made, and the basis for such objection. Failure to timely file objections to the Order set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Order.

The Clerk is directed to transmit a copy of this Order to counsel of record.

DATED:   June 21, 2010

*/s/ James E. Seibert*
JAMES E.  SEIBERT
UNITED STATES MAGISTRATE JUDGE